**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SMALL ISLANDS DEVELOPING** | § | |
| **STATES AND ALBERT BINGER,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CASE NO.: 25-cv-3963** |
| | § | |
| **SEAONE HOLDINGS, LLC AND** | § | |
| **FORREST HOGLUND,** | § | |
| *Defendants.* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

Small Islands Developing States and Albert Binger file this Original Complaint and Jury Demand against SeaOne Holdings, LLC and Forrest Hoglund, who have breached a written contract and engaged in fraud.

**PARTIES**

1.     Plaintiff, Small Islands Developing States ("SIDS DOCK"), is an international intergovernmental organization of island nations located in Belize.

2.     Plaintiff,  Albert Binger ("Binger"), an individual, is a resident of Jamaica.

3.     Defendant, SeaOne Holdings, LLC ("SeaOne") is a foreign limited liability corporation organized and existing under the laws of the State of Delaware, whose principal office is located at Three Allen Center, 333 Clay Street, Suite 4605, Houston, Texas 77002, is authorized to do business in Texas.

4.     Defendant, Forrest Hoglund ("Hoglund"), is an individual residing in Dallas County, Texas. At all relevant times, he was the Chief Executive Officer and Board Chair of SeaOne and the alter ego of the company.

1

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332.  The parties are completely diverse, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction of this Court is stipulated in the agreement that was breached.

6.     Venue is proper under 28 U.S.C. § 1391(b)(2) because SeaOne has its principal place of business in Houston, Texas and is subject to this Court's personal jurisdiction.

**FACTUAL ALLEGATIONS**

7.     SIDS DOCK is a United Nations recognized international organization established in 2015, with all the rights and privileges for addressing climate change, resilience, and energy security in small islands. SIDS DOCK represents 32 small islands and low-lying developing states across the globe. It is so named because it is designed as a "DOCKing station," to connect the energy sector in SIDS with the global markets for finance and sustainable energy technologies.

8.     Albert Binger was the first Coordinator and now the Secretary-General of SIDS DOCK. He is currently a member of the Board of Directors of the Caribbean Centre for Renewable Energy and Energy Efficiency and served for six years as a member of the United Nations Framework Convention on Climate Change Technology Executive Committee.

9.     SeaOne is a failed logistics company which attempted to develop and secure worldwide patents on a system which transforms the way natural gas and natural gas liquids are processed and delivered globally to markets. It has now been locked out of its Houston office due to lack of payment

10.     Hoglund is the founder, CEO, and board chair of SeaOne, and, at the time the agreement at issue was entered, he was handling part of the negotiations with Plaintiffs and making all decisions on the part of the company.

11.     Binger, because of his connections and strong reputation in the Caribbean, was hired as a consultant by SeaOne to help open doors and negotiate deals with various governmental entities. In the beginning, SeaOne routinely paid its invoices. But in March 2020, without explanation, SeaOne stopped paying submitted invoices but asked Binger to keep working for the company, assuring him he would be paid. He kept working but was not paid and, at the time Plaintiffs filed their original suit against SeaOne, $250,000 was owed to Binger and SIDS DOCK.

12.     After months of litigation, the parties were instructed by the Court to again engage in settlement negotiations. Hoglund personally told Binger that all SeaOne could afford to pay was $125,000 but, if he were to accept the greatly reduced amount, he would be paid. That same message was communicated through counsel for SeaOne.

13.     Binger did not wish to settle the claim for 50 cents on the dollar. However, given what Hoglund had communicated to him, he believed that would be the only way for him and SIDS DOCK to ever be paid.

14.     With an agreed effective date of November 1, 2024, the parties entered into a settlement agreement whereby SeaOne was to pay Binger and SIDS DOCK a total of $125,000 over the next eleven months. The first payment of $25,000 was to be made on November 30, 2024 with ten payments of $10,000 to be made on the last day of each of the ensuing ten months.

15.     Nothing was ever shared by SeaOne or Hoglund that there would be any difficulty in making the payments or that they would be conditioned on the performance of the company. However, SeaOne was in breach almost from the start; the first payment was seven days late and the second payment was two months late. No other payments were made and counsel for SeaOne sent notice in July 2025 that due to the company's performance, no other payments would be made.

16. It became clear at that point that Binger and SIDS DOCK had been duped and induced into agreeing to a settlement that SeaOne never intended to fulfill, giving up an opportunity to pursue twice that much in court if the lawsuit were to continue.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

18. On November 1, 2024, Plaintiffs and SeaOne executed a valid and enforceable written contract. Plaintiff attaches a copy of the contract as **Exhibit A** and incorporates it by reference for all purposes. The contract sets forth that SeaOne shall pay Plaintiffs $125,000 over eleven months.

19. Plaintiffs fully performed their contractual obligations.

20. Defendants breached the contract by paying a total of $35,000 over three months and then ceasing payments altogether.

21. Defendant's breach caused injury to Plaintiffs, which resulted in the following damages:  $90,000.00.

22. Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court. jurisdictional limits of this Court.

## ATTORNEY FEES FOR BREACH OF CONTRACT

23. Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code Sec. 38 because this is a suit for breach of contract. Plaintiffs retained counsel, who presented Plaintiffs' claim to Defendant. Defendant did not tender the amount owed within 30 days of when the claim was presented.

**SECOND CAUSE OF ACTION – FRAUDULENT INDUCEMENT**

24.    Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

25.    Defendants represented to Plaintiffs in October 2024 that they were able to pay $125,0000 if Plaintiffs were willing to settle and drop their lawsuit against Defendants.

26.    They were false statements.

27.    Defendant Forrest Hoglund knew what he was telling Al Binger was false, that SeaOne was not in a financial position to honor the settlement. Or, Hoglund made the statements recklessly without knowledge of the truth.

28.    Defendants intended for Plaintiffs to rely on the false representations and enter into the settlement, thereby possibly reducing their financial exposure going forward.

29.    Plaintiffs justifiably relied on Defendants' false representations when they entered into the settlement.

30.    Defendants' false representations directly and proximately caused injury to Plaintiffs, which resulted in the following damages: the loss of $125,000 that was given up as a result of the settlement.

31.    Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

32.    Exemplary damages. Plaintiffs' injury resulted from Defendants' actual fraud, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

**ALTER EGO AND PERSONAL LIABILITY OF DEFENDANT HOGLUND**

33.    Plaintiffs would show that at all relevant times (the time of the settlement), Defendant Hoglund exercised such domination and control over SeaOne that the company had no

separate mind, will, or existence of its own. Hoglund used the corporate form as a mere tool or business conduit for his own personal purposes.

34. Based on information and belief, Hoglund caused the company to be undercapitalized, failed to observe corporate formalities, commingled corporate and personal funds, diverted corporate assets for personal use, and otherwise disregarded the corporate form. Hoglund used the company to perpetrate a fraud, evade existing legal obligations, and accomplish a wrongful purpose.

35. The unity between Hoglund and the company was such that adherence to the fiction of a separate corporate existence would, under the circumstances, sanction fraud, promote injustice, and lead to an inequitable result.

36. Accordingly, under the doctrine of alter ego, Hoglund is personally liable for the acts, omissions, debts, and obligations of SeaOne, including all damages sustained by Plaintiffs Binger and SIDS DOCK as alleged herein.

### CONDITIONS PRECEDENT

37. All conditions precedent to Plaintiffs' claims for relief have been performed, waived, or have occurred.

### JURY DEMAND

38. Plaintiffs demand a jury trial under Federal Rule of Civil Procedure 38.

### PRAYER

Plaintiffs, SIDS DOCK and Binger, request the Court issue citation for Defendants, SeaOne and Hoglund, to appear and answer, and that Plaintiffs be granted judgment in their favor,

and award them all actual damages, exemplary damages, pre and post-judgment interest, court costs, attorney's fees, and all other relief to which Plaintiffs show themselves to be entitled.

Respectfully submitted,

**BELL HAGENS PLLC**

By: */s/ Chris Bell*
Chris Bell
SBN: 00783631
Fed Id No.: 15848
cbell@bellhagens.com
Ryan Hagens
SBN: 24127279
rhagens@bellhagens.com
114 E. Alamo, Suite 36
Brenham, Texas 77833
713.489-1211 – Telephone
713.583-5282 – Facsimile
E-Service:  cbell@bellhagens.com

**ATTORNEYS FOR PLAINTIFFS**