**UNITED STATES DISTRICT COURT**
**SOUTHERN DISICT OF TEXAS**
**HOUSTON DIVISON**

| | | |
|---|---|---|
| **SMALL ISLANDS DEVELOPING** | § | |
| **STATES and ALBERT BINGER,** | § | |
| *Plaintiffs,* | § | |
| | § | **CASE NO. 4:22-CV-04447** |
| **v.** | § | |
| | § | |
| **SEAONE HOLDINGS, LLC,** | § | |
| *Defendant.* | § | |

## FINAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is entered into between SeaOne Holdings LLC, SeaOne Caribbean LLC, (collectively "SeaOne"), and Albert Binger, Small Island Developing States and SIDS DOCK (collectively, "Binger"), in order to FULLY AND FINALLY SETTLE all matters in dispute including all claims that were or could be asserted.

### RECITALS

WHEREAS, the Parties desire to finally, completely, and fully settle all claims and defenses that have been asserted, or which could have been asserted.

WHEREAS, the Parties recognize the uncertainties, time, and expense involved in litigation, and have determined it is in their best interests to resolve this matter by compromise and settlement of any claims and defenses that have been asserted.

In consideration of the mutual promises made herein, the Parties hereby agree to the following terms and conditions of this Agreement.

### DEFINITIONS

"**Release**" or "**Agreement**" shall mean this Final Settlement and Mutual Release.

"**SeaOne**" shall mean, collectively SeaOne Holdings LLC, SeaOne Caribbean LLC, and all current and former affiliates, employees, agents, representatives, owners, members, partners, successors, entities, and all persons acting in concert with them.

"**Binger**" or "**SIDS**" shall mean Small Island Developing States, SIDS DOCK, and Albert Binger, and all current and former, heirs, affiliates, employees, agents, representatives, owners, members, partners, successors, entities, and all persons acting in concert with them, or for whose conduct they are alleged to be responsible.

## SETTLEMENT PAYMENT

SeaOne shall make payments totaling $125,000.00 (One Hundred Twenty-Five Thousand and no/100 Dollars) for full and final settlement of all claims, demands, causes of action, complaints, controversies, disputes, incidents, acts, and omissions (the "Settlement Payment"). This payment is in full and final satisfaction of all work and payments due under the MOU and any extensions thereof and any related invoices. No further payment of any kind from SeaOne Holdings, SeaOne Caribbean, or any other affiliates is or will ever be due to Binger, Small Island Developing States, SIDS DOCK, or the Caribbean Community Climate Change Center (CCCC). The Payment Schedule will be as follows:

- $25,000 (Twenty-Five Thousand and 00/100 Dollars) due on or before November 30, 2024;
- $10,000 (Ten Thousand and 00/100 Dollars on December 31, 2024;
- $10,000 (Ten Thousand and 00/100 Dollars on January 31, 2025;
- $10,000 (Ten Thousand and 00/100 Dollars on February 28, 2025;
- $10,000 (Ten Thousand and 00/100 Dollars on March 31, 2025;
- $10,000 (Ten Thousand and 00/100 Dollars on April 30, 2025;
- $10,000 (Ten Thousand and 00/100 Dollars on May 31, 2025;
- $10,000 (Ten Thousand and 00/100 Dollars on June 30, 2025;
- $10,000 (Ten Thousand and 00/100 Dollars on July 31, 2025;
- $10,000 (Ten Thousand and 00/100 Dollars on August 31, 2025; and
- $10,000 (Ten Thousand and 00/100 Dollars on September 30, 2025;

SIDS/Binger will be solely responsible for paying their own attorneys' fees, costs, and any tax liabilities that may apply, out of the proceeds of this settlement. SIDS/Binger agree and acknowledge no further payment of any kind will ever be due from the SeaOne Released Parties.

## FULL & FINAL GENERAL RELEASE

Binger, Small Island Developing States, and SIDS DOCK, FULLY, FINALLY, and FOREVER RELEASE, ACQUIT, AND DISCHARGE SeaOne, SeaOne Holdings, LLC, SeaOne Caribbean, LLC, Forrest Hoglund, Bruce Hall and all other owners, members, employees, affiliates, subsidiaries, agents, and representatives ("SeaOne Released Parties") from any and all claims, causes of action, demands, and complaints based in whole or in part on any conduct, act, or omission before the Effective Date of this Agreement, whether known or unknown, and whether arising under statute, common law, contract or tort (the "Released Claims"). The Parties agree and acknowledge this is a complete release of all claims, demands, causes of action, based on any acts, omissions, or conduct by the Parties on or before the Effective Date of this Agreement, **including a complete release of any claim, demand, or cause of action by Binger, Small Island Developing States, or SIDS DOCK regarding services provided, money owed, or to be paid, any note, promissory note, oral or written promise to repay, and includes a complete release of any claim for breach of contract, loan agreement, promise to pay, quantum meruit, promissory estoppel, fraud, obligations under the Memorandum of Understanding and any extensions, money had and received, and any other contract, fraud, tort claim, injury, or damages arising from any personal, business, financial, contractual or other relationship between SeaOne and Plaintiffs.** Except for the rights set forth in this Agreement, this is a full,

complete, and general release of all claims that were asserted or could have been asserted from the beginning of time through the Effective Date, whether known or unknown. Binger Small Island Developing States, and SIDS DOCK covenant not to sue, file any lawsuit, claim, or complaint asserting any of the Released Claims against any of the SeaOne Release Parties. This is a full and final settlement and release of all claims so no further payment, or relief of any kind will ever be requested, demanded, or due from the SeaOne Released Parties.

SeaOne FULLY, FINALLY, and FOREVER RELEASES, ACQUITS, AND DISCHARGES Binger, Small Island Developing States, and SIDS DOCK from any and all claims, causes of action, demands, and complaints based in whole or in part on any conduct, act, or omission before the Effective Date of this Agreement, whether known or unknown, and whether arising under statute, common law, contract or tort (the "Released Claims"). The Parties agree and acknowledge this is a complete release of all claims, demands, causes of action, based on any acts, omissions, or conduct by the Parties on or before the Effective Date of this Agreement, **including a complete release of any claim, demand, or cause of action by SeaOne regarding services provided or arising from any personal, business, financial, contractual or other relationship between SeaOne and Binger, Small Island Developing States, or SIDS DOCK.** Except for the rights set forth in this Agreement, this is a full, complete, and general release of all claims that were asserted or could have been asserted from the beginning of time through the Effective Date, whether known or unknown. This is a full and final settlement and release of all claims.

The Parties agree the Released Claims do not include a lawsuit, claim, or cause of action brought to enforce the provisions in this Settlement Agreement and Mutual Release.

### INDEMNITY

Binger, Small Island Developing States, and SIDS DOCK agree to indemnify, defend, and hold harmless SeaOne from and against all persons claiming by through or under Binger or SIDS DOCK including Caribbean Community Climate Change Center from any loss, cost, or damage of any kind (including reasonable outside attorneys' fees) to the extent arising out of the MOU, this Agreement, and any extension, invoice or payment.

### AUTHORITY & OWNERSHIP OF CLAIMS

The Parties represent and warrant they have full authority to enter this Settlement Agreement and settle their respective claims. The Parties represent and warrant they have not assigned the claims, demands, or causes of action, in whole or in part, to any other person or entity.

### DISMISSAL OF ALL CLAIMS WITH PREJUDICE

Plaintiffs Binger and SIDS shall file an Agreed Motion to Dismiss all Claims with Prejudice within 5 business days of signing this Final Settlement Agreement and Mutual Release, and to cooperate in promptly dismissing all claims that have or could have been asserted.

### GOVERNING LAW & JURISDICTION

This Agreement shall, in all respects, be interpreted, enforced, and governed by the State of Texas, without regard to any conflict of law principle calling for the law of another jurisdiction.

Any dispute arising out of, relating to, or in connection with this Agreement shall be pursued in a district court of competent jurisdiction in the Southern District of Texas, Houston Division.

### COUNTERPARTS; TRANSMISSION BY EMAIL

This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of which together shall constitute the Agreement.

### COMPLETE AGREEMENT; NO RELIANCE

Each Party signing this Agreement has entered this Agreement freely, voluntarily, and without duress after having consulted with attorneys of their own choosing. Each Party is relying solely on her own independent judgment and advice of the attorney of her own choosing. No Party is relying on any oral or written representations by any party or representative not contained within the four corners of this Agreement. The Parties specifically disclaim reliance on any oral or written representations by the opposing Party, its agents, and its attorneys. This agreement sets forth the complete agreement of the Parties and supersedes any prior agreement or affidavit.

### CONFIDENTIALITY

The terms of this Settlement Agreement are confidential except as to each Party's owners, members, management, accountants, tax advisors, attorneys, officers, executives, spouses, executors, law firms and representatives, or pursuant to a court order or subpoena. If asked about the events and circumstances regarding this settlement, the Parties may state the matter was settled amicably.

### NO ADMISSIONS

It is understood and agreed that this Agreement is a compromise of disputed claims and nothing herein shall be construed as an admission of fault or liability by either party.

### EFFECTIVE DATE; SEVERABILITY

The Effective Date of this Agreement is November 1, 2024, and shall be effective immediately upon execution by each of the Parties. If any part of this Settlement Agreement is determined to be invalid, illegal, or unenforceable, it shall not affect the enforceability of any other provision of this Settlement Agreement. Rather, the invalid, illegal, or unenforceable provision shall be deemed severed from this Agreement, and this Agreement shall be enforced as if the Agreement did not contain the invalid, illegal, or unenforceable provision.

## AGREED AND APPROVED BY:

Executed as of the Effective Date of November 1, 2024.

**SeaOne Holdings, LLC**

_____

Name: _____

Title: _____

**Albert Binger, Individually**

_____
Albert Binger

**Small Island Developing States and SIDS DOCK**

_____

Name: Christine Duncan

Title: Chief of Staff

<u>Final Settlement Agreement and Mutual Release</u>                                    Page 5 of 5