**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SMALL ISLANDS | § | CIVIL ACTION No. |
| DEVELOPING STATES | § | 4:25–cv–03963 |
| AND ALBERT | § | |
| BINGER, | § | |
| Plaintiffs, | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| vs. | § | |
| | § | |
| SEAONE HOLDINGS, | § | |
| LLC AND FORREST | § | |
| HOGLUND, | § | |
| Defendants. | § | |

## DEFENDANT FORREST HOGLUND'S ORIGINAL ANSWER

Defendant Forrest Hoglund files this Original Answer to Plaintiffs' Original Complaint and Jury Demand and would respectfully show the Court as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Forrest generally denies each and every allegation contained in Plaintiffs' Original Complaint and Jury Demand and demands strict proof thereof, except as expressly admitted herein.

## SPECIFIC RESPONSES TO PLAINTIFFS' ALLEGATIONS

Defendant has repeated the headers of Plaintiff's Complaint for purposes of organization only. The inclusion of said headers shall not be an implied admission as to any allegation or fact. To the extent a heading can be construed as an allegation, Defendant specifically denies all such allegations.

## PARTIES

1.      Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies same.

2.      Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies same.

3.      Forrest admits that SeaOne Holdings, LLC ("SeaOne") is a limited liability company organized under the laws of Delaware. Forrest denies that SeaOne has a principal office at Three Allen Center, 333 Clay Street, Suite 4605, Houston, Texas 77002. Forrest admits that SeaOne is authorized to do business in Texas.

4.      Forrest admits that he is an individual residing in Dallas, Texas, and that he was the Chief Executive Officer and Chairman of SeaOne Holdings, LLC. Forrest denies that he is the alter ego of SeaOne.

## JURISDICTION AND VENUE

5.      Forrest admits the Court has subject matter jurisdiction. Forrest denies that he breached any agreement with the Plaintiffs.

6.      Forrest denies that venue is proper as to him in this Court.

## FACTUAL ALLEGATIONS

7.      Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies same.

8.      Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies same.

9. Forrest denies the characterization of SeaOne as a "failed logistics company." Forrest admits that SeaOne attempted to develop a system for processing and delivering natural gas and natural gas liquids and that SeaOne was locked out of its Houston office. Forrest denies the remaining allegations in Paragraph 9.

10. Forrest admits that he served as founder, CEO, and board chair of SeaOne. Forrest denies the remaining allegations in Paragraph 10. Any actions Forrest took were in his capacity as an officer or director of SeaOne and on behalf of the company, not in his individual capacity.

11. Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies same.

12. Forrest denies the allegations in Paragraph 12.

13. Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies same.

14. Forrest admits that Plaintiffs and SeaOne Holdings LLC entered into a settlement agreement dated November 1, 2024. Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the same. Forrest was not a party to the settlement agreement, which was between SeaOne and Plaintiffs.

15. Forrest denies the allegations in Paragraph 15.

16. Forrest denies the allegations in Paragraph 16.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17.    Forrest incorporates his responses to Paragraphs 1 through 16 as if fully set forth herein.

18.    Forrest admits that Plaintiffs and SeaOne Holdings, LLC entered a valid and enforceable written Settlement Agreement dated November 1, 2024. Forrest denies that he breached any contract with Plaintiffs.

19.    Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies same.

20.    Forrest is not a party to the Settlement Agreement and denies that he breached any contractual obligation to Plaintiffs. Forrest denies the remaining allegations in Paragraph 20.

21.    Forrest denies that Plaintiffs suffered any damages as a result of any action by Forrest in his individual capacity.

22.    Forrest denies the allegations in Paragraph 22.

### ATTORNEY FEES FOR BREACH OF CONTRACT

23.    Forrest denies that Plaintiffs are entitled to recover attorney fees and denies the remaining allegations in Paragraph 22.

### SECOND CAUSE OF ACTION – FRAUDULENT INDUCEMENT

24.    Forrest incorporates its responses to Paragraphs 1 through 23 as if fully set forth herein.

25.    Forrest denies the allegations in Paragraph 25.

26.    Forrest denies the allegations in Paragraph 26.

27. Forrest denies the allegations in Paragraph 27.

28. Forrest denies the allegations in Paragraph 28.

29. Forrest denies the allegations in Paragraph 29.

30. Forrest denies the allegations in Paragraph 30.

31. Forrest denies the allegations in Paragraph 31.

32. Forrest denies that Plaintiffs are entitled to exemplary damages. The remaining allegations in Paragraph 32 are denied.

## ALTER EGO AND PERSONAL LIABILITY OF DEFENDANT HOGLUND

33. Forrest denies the allegations in Paragraph 33.

34. Forrest denies the allegations in Paragraph 34.

35. Forrest denies the allegations in Paragraph 35.

36. Forrest denies the allegations in Paragraph 36.

## CONDITIONS PRECEDENT

37. Forrest denies the allegations in Paragraph 37.

## JURY DEMAND

38. Forrest admits that Plaintiffs demanded a jury trial. Defendant also demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense* – Not a Party to the Contract. Forrest is not a party to the contract alleged in Plaintiffs' complaint. Forrest therefore cannot be held liable for alleged breach of contract.

*Second Affirmative Defense* – Corporate Veil - No Personal Liability. Forrest, at all relevant times, acted in his capacity as an officer, director, and/or member of SeaOne Holdings, LLC. An LLC is separate and distinct from its members. There is no basis for imposing personal liability on Forrest for corporate obligations. Under Section 101.114 of the Texas Business Organizations Code, a member or manager is not liable for a debt, obligation, or liability of a limited liability company. Under Section 101.113 of the Texas Business Organizations Code, a member of a limited liability company is not a proper party to proceedings against the LLC. Forrest asserts all other defenses against personal liability under Texas law including but not limited to Texas Business Organizations Code 101.002 and 21.223, *et seq*.

*Third Affirmative Defense* – Disclaimer of Reliance. The Parties' Final Settlement and Mutual Release dated November 1, 2024, contains a disclaimer of reliance clause stating: "No Party is relying on any oral or written representations by any party or representative not contained within the four corners of this Agreement. The Parties specifically disclaim reliance on any oral or written representations by the opposing Party, its agents, and its attorneys." By this express contractual provision, Plaintiffs disclaimed reliance on any representations outside the written settlement agreement. Plaintiffs therefore cannot maintain a claim for fraudulent inducement based on alleged oral or written representations made prior to or during the negotiation of the settlement agreement.

*Fourth Affirmative Defense* – Merger Clause. The Parties' Final Settlement and Mutual Release dated November 1, 2024, contains a merger clause providing:

"This agreement sets forth the complete agreement of the Parties and supersedes any prior agreement or affidavit." This merger clause bars Plaintiffs' fraudulent inducement claim because it establishes that the written settlement agreement constitutes the entire agreement between the parties and supersedes all prior negotiations, representations, and understandings, whether oral or written.

*Fifth Affirmative Defense* – Failure to State a Claim. Plaintiffs' fraudulent inducement claim fails to state a claim upon which relief can be granted because Plaintiffs cannot establish justifiable reliance on any alleged misrepresentation in light of the disclaimer of reliance and merger clauses contained in the settlement agreement, as well as red flags negating justifiable reliance as a matter of law.

*Sixth Affirmative Defense* – Economic Loss Rule. Plaintiffs' fraudulent inducement claim is barred by the economic loss rule because the alleged damages arise from the contract and do not involve an independent tort duty.

*Seventh Affirmative Defense* – Settlement and Release. Plaintiff's claims are barred, in whole or in part, by the Full & Final General Release in the Final Settlement Agreement and Mutual Release, which includes a "complete release of any claim, demand, or cause of action by Binger, Small Island Developing States, or SIDS DOCK regarding services provided, money owed, or to be paid, any note, promissory note, oral or written promise to repay, and includes a complete release of any claim for breach of contract … promise to pay … promissory estoppel, fraud, obligations under the Memorandum of Understanding … and any other contract, fraud, tort claim, injury or damages arising from any personal, business, financial,

---

contractual or other relationship between SeaOne and Plaintiffs." Under the Settlement Agreement, Forrest Hoglund is expressly listed as a Released Party. Plaintiffs released Forrest from any claims and covenanted not-to-sue.

*Eighth Affirmative Defense* – Improper Venue. Venue is improper as to Forrest. Forrest resides in Dallas, Texas, which is not within this judicial district.

*Ninth Affirmative Defense* – Res Judicata and Collateral Estoppel. Plaintiff's claims are barred, in whole, or in part, by the Order of Dismissal and/or Agreed Order of Dismissal with Prejudice entered in Cause No. 4:22-CV-0447. In the alternative, Plaintiff's claims are barred by the doctrine of claims preclusion (res judicata) and issue preclusion (collateral estoppel).

*Tenth Affirmative Defense* – Offset/Setoff/Credit.   Defendants are entitled to an offset, setoff, or credit based on any payments previously made.

*Reservation of Additional Defenses*. Forrest specifically reserves the right to assert additional affirmative defenses or other defenses which may apply. By setting forth specific defenses, Forrest does not waive any other defenses which may apply.

### PRAYER

WHEREFORE, Defendant Forrest Hoglund respectfully prays that:

(i)     Plaintiffs take nothing on their claims;

(ii)    The Court deny Plaintiffs' request for actual damages, exemplary damages, court costs, attorney fees, and other relief;

(iii)   Forrest be awarded his costs of court and attorney's fees; and

---

(iv)     Forrest be granted such other and further relief, at law or in equity, to

which he is justly entitled.

Respectfully submitted,

**LOTZ LAW FIRM PLLC**

*/s/ Wesley G. Lotz*
Wesley G. Lotz
State Bar No. 24046314
S.D. Tex. ID 584646
wlotz@lotzlawfirm.com
Gavin K. Uttecht
State Bar No. 24069111
guttecht@lotzlawfirm.com
J. Arthur Adams
State Bar No. 24149592
jake@lotzlawfirm.com
4900 Woodway Drive, Suite 750
Houston, Texas 77056
713-654-5830 (telephone)
713-654-5801 (facsimile)

*Counsel for Defendant Forrest Hoglund*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 1, 2025, Defendant Forrest Hoglund's Original Answer was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Pursuant to Federal Rule of Civil Procedure 5(b) and the Local Rules of the United States District Court for the Southern District of Texas, such electronic service is deemed sufficient service on all parties who are registered users of the Court's CM/ECF system.

Bell Hagens PLLC
114 E. Alamo, Suite 36
Brenham, Texas 77833
Chris Bell
cbell@bellhagens.com

Attorney for Plaintiffs

/s/ *Wesley G. Lotz*