**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SMALL ISLANDS | § | CIVIL ACTION NO. |
| DEVELOPING STATES | § | 4:25–cv–03963 |
| AND ALBERT | § | |
| BINGER, | § | |
| Plaintiffs, | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| vs. | § | |
| | § | |
| SEAONE HOLDINGS, | § | |
| LLC AND FORREST | § | |
| HOGLUND, | § | |
| Defendants. | § | |

### DEFENDANT SEAONE HOLDINGS, LLC'S ORIGINAL ANSWER

Defendant SeaOne Holdings, LLC ("SeaOne") files this Original Answer to Plaintiffs' Original Complaint and Jury Demand and would respectfully show:

### GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), SeaOne generally denies each and every allegation contained in Plaintiffs' Original Complaint and Jury Demand and demands strict proof thereof, except as expressly admitted herein.

### SPECIFIC RESPONSES TO PLAINTIFFS' ALLEGATIONS

Defendant has repeated the headers of Plaintiff's Complaint for purposes of organization only. The inclusion of said headers shall not be an implied admission as to any allegation or fact. To the extent a heading can be construed as an allegation, Defendant specifically denies all such allegations.

<u>**PARTIES**</u>

1.      SeaOne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies same.

2.      SeaOne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies same.

3.      SeaOne admits that it is a limited liability company organized under the laws of Delaware, and that it is authorized to do business in Texas. SeaOne denies that it has its principal office at the address shown in the Complaint and denies the remaining allegations in Paragraph 3.

4.      SeaOne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies same, and specifically denies the allegation that Forrest Hoglund is the alter ego of SeaOne.

<u>**JURISDICTION AND VENUE**</u>

5.      SeaOne admits the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6.      SeaOne denies that SeaOne maintains its principal place of business in Houston, Texas. SeaOne admits the Settlement Agreement calls for disputes to be pursued in a district court of competent jurisdiction in the Southern District of Texas.

<u>**FACTUAL ALLEGATIONS**</u>

7.      SeaOne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies same.

8.     SeaOne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies same.

9.     SeaOne admits that it attempted to develop a system for processing and delivering natural gas and natural gas liquids. SeaOne admits it was locked out of its Houton office. SeaOne denies the remaining allegations in Paragraph 9.

10.     SeaOne admits that Hoglund was the founder, CEO and board chair of SeaOne. SeaOne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies same, specifically denying the allegation that Hoglund was making all decisions.

11.     SeaOne admits that Binger provided consulting services to SeaOne. SeaOne admits it paid invoices submitted by Binger and SIDS DOCK. SeaOne admits that litigation ensued. SeaOne denies the remaining allegations in Paragraph 11.

12.     SeaOne admits that settlement negotiations occurred at the direction of the Court. SeaOne denies the remaining allegations in Paragraph 12.

13.     SeaOne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies same.

14.     SeaOne admits Plaintiffs and SeaOne entered a Settlement Agreement and Mutual Release dated November 1, 2024, including a Payment Schedule.

15.     SeaOne denies the allegations in Paragraph 15.

16.     SeaOne denies the allegations in Paragraph 16.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17.    SeaOne incorporates its responses to Paragraphs 1 through 16 as if fully set forth herein.

18.    SeaOne admits that SeaOne Holdings, LLC, Small Islands Developing States and Binger executed a Final Settlement Agreement and Mutual Release.

19.    SeaOne lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies the same.

20.    SeaOne admits that it made at least $35,000 in settlement payments to Plaintiffs. SeaOne made the initial settlement payment of $25,000 upon receiving payment instructions. SeaOne made additional payment of $10,000 to Plaintiffs on or about April 30, 2025. SeaOne denies the remaining allegations in Paragraph 20.

21.    SeaOne lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22.    SeaOne denies that Plaintiffs are entitled to unliquidated damages and denies the remaining allegations in Paragraph 22.

## ATTORNEY FEES FOR BREACH OF CONTRACT

23.    SeaOne denies that Plaintiffs are entitled to recover attorney fees and denies the remaining allegations contained in Paragraph 23.

## SECOND CAUSE OF ACTION – FRAUDULENT INDUCEMENT

24.    SeaOne incorporates its responses to Paragraphs 1 through 23 as if fully set forth herein.

25.    SeaOne denies the allegations in Paragraph 25.

26.    SeaOne denies the allegations in Paragraph 26.

27.    SeaOne denies the allegations in Paragraph 27.

28.    SeaOne denies the allegations in Paragraph 28.

29.    SeaOne denies the allegations in Paragraph 29.

30.    SeaOne denies the allegations in Paragraph 30.

31.    SeaOne denies the allegations in Paragraph 31.

32.    SeaOne denies that Plaintiffs are entitled to exemplary damages and denies the remaining allegations in Paragraph 32.

### ALTER EGO AND PERSONAL LIABILITY OF DEFENDANT HOGLUND

33.    SeaOne denies the allegations in Paragraph 33.

34.    SeaOne denies the allegations in Paragraph 34.

35.    SeaOne denies the allegations in Paragraph 35.

36.    SeaOne denies the allegations in Paragraph 36.

### CONDITIONS PRECEDENT

37.    SeaOne denies the allegations in Paragraph 37.

### JURY DEMAND

38.    SeaOne admits that Plaintiffs demanded a jury trial. SeaOne also demands a jury trial on all issues so triable.

### AFFIRMATIVE DEFENSES

*First Affirmative Defense* – Disclaimer of Reliance. The Parties' Final Settlement and Mutual Release dated November 1, 2024, contains a disclaimer of reliance clause stating: "No Party is relying on any oral or written representations by

any party or representative not contained within the four corners of this Agreement. The Parties specifically disclaim reliance on any oral or written representations by the opposing Party, its agents, and its attorneys." By this express contractual provision, Plaintiffs disclaimed reliance on any representations outside the written settlement agreement. Plaintiffs therefore cannot maintain a claim for fraudulent inducement based on alleged oral or written representations made prior to or during the negotiation of the settlement agreement.

*Second Affirmative Defense* – Merger Clause. The Parties' Final Settlement and Mutual Release dated November 1, 2024, contains a merger clause providing: "This agreement sets forth the complete agreement of the Parties and supersedes any prior agreement or affidavit." This merger clause bars Plaintiffs' fraudulent inducement claim because it establishes that the written settlement agreement constitutes the entire agreement between the parties and supersedes all prior negotiations, representations, and understandings, whether oral or written.

*Third Affirmative Defense* – Failure to State a Claim. Plaintiffs' fraudulent inducement claim fails to state a claim upon which relief can be granted because Plaintiffs cannot establish justifiable reliance on any alleged misrepresentation in light of the disclaimer of reliance and merger clauses contained in the settlement agreement, as well as red flags negating justifiable reliance as a matter of law.

*Fourth Affirmative Defense* – Economic Loss Rule. Plaintiffs' fraudulent inducement claim is barred by the economic loss rule because the alleged damages arise from the contract and do not involve any independent tort duty.

*Fifth Affirmative Defense* – Settlement and Release. Plaintiff's claims are barred by the Full & Final General Release contained in the Final Settlement Agreement and Mutual Release, which includes a "complete release of any claim, demand, or cause of action by Binger, Small Island Developing States, or SIDS DOCK regarding services provided, money owed, or to be paid, any note, promissory note, oral or written promise to repay, and includes a complete release of any claim for breach of contract … promise to pay … promissory estoppel, fraud, obligations under the Memorandum of Understanding … and any other contract, fraud, tort claim, injury or damages arising from any personal, business, financial, contractual or other relationship between SeaOne and Plaintiffs." The Release includes a complete release of "any and all claims, causes of action, demands, and complaints based in whole or in part on any conduct, act, or omission before the Effective Date of this Agreement, whether known or unknown, and whether arising under statute, common law, contract or tort (the "Released Claims)." The Release states that: "This is a full and final settlement and release of claims so no further payment, or relief of any kind will ever be requested, demanded, or due from the SeaOne Released Parties." At a minimum, Plaintiff's claims for fraudulent inducement, alter ego, personal liability, attorney fees, and any claim arising before November 1, 2024 are barred by the release. "The Released Claims do not include a lawsuit, claim, or cause of action brought to enforce the provisions in this Settlement Agreement and Mutual Release."

*Sixth Affirmative Defense* – Plaintiff's claims are barred, in whole or in part, by the Order of Dismissal and the Agreed Order of Dismissal with Prejudice in Cause

No. 4:22-CV-0447. In the alternative, Plaintiff's claims are barred by the doctrine of claims preclusion (res judicata) and issue preclusion (collateral estoppel).

*Seventh Affirmative Defense – Partial Payment/Offset/Setoff/Credit.* Defendants are entitled to offset, setoff, or credit for all payments previously made.

*Reservation of Additional Defenses* – SeaOne reserves the right to assert additional affirmative defenses or other defenses that may apply.

## PRAYER

WHEREFORE, Defendant SeaOne Holdings, LLC respectfully prays that:

(i)     Plaintiffs take nothing on their claims or relief requested;

(ii)    That the Full & Final Release in the Final Settlement Agreement and Mutual Release be enforced, and that all lawful credits, offsets and payments made by SeaOne be applied to any remaining balance alleged;

(iii)   SeaOne be awarded all other and further relief, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**LOTZ LAW FIRM PLLC**

*/s/ Wesley G. Lotz*
Wesley G. Lotz
State Bar No. 24046314
S.D. Tex ID 584646
wlotz@lotzlawfirm.com
Gavin K. Uttecht
State Bar No. 24069111
guttecht@lotzlawfirm.com
J. Arthur Adams
State Bar No. 24149592
jake@lotzlawfirm.com

4900 Woodway Drive, Suite 750
Houston, Texas 77056
713-654-5830 (telephone)
713-654-5801 (facsimile)

*Counsel for Defendant*
*SeaOne Holdings, LLC*

## CERTIFICATE OF SERVICE

I certify that on December 1, 2025, Defendant SeaOne Holdings LLC's Original Answer was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Pursuant to Federal Rule of Civil Procedure 5(b) and the Local Rules of the United States District Court for the Southern District of Texas, such electronic service is deemed sufficient service on all parties who are registered users of the Court's CM/ECF system.

Bell Hagens PLLC
114 E. Alamo, Suite 36
Brenham, Texas 77833
Chris Bell
cbell@bellhagens.com

Attorney for Plaintiffs

/s/ *Wesley G. Lotz*